Lee, J.
delivered the opinion of the court.
The decree pronounced in this cause on the 24th of April 1848, on the hearing of the case on the bill and amended bills taken as for confessed as against all the defendants, exhibits and depositions filed, required the defendant Bishop to pay to the complainant the amount claimed in the bill, with interest and costs, within sixty days, and on his failure so to do, directed a sale of the land in the bill and proceedings mentioned for satisfaction thereof, by a commissioner named for that purpose. The amount not having been paid within the time specified, the commissioner ■ sold the land as directed, and reported his sale to the court; and the court by its final decree, pronounced on the 23d of September 1848, confirmed the report, and directed the proceeds of the sale to be paid over to the complainant; and gave a further decree against the defendant Bishop, personally, for a balance found to remain unsatisfied by the sale of the land. After the decree of the 24th of April 1848 had been prepared, considered by the court, and directed to be entered in the order book, the defendant Seymour tendered an answer, prepared after the decree had been rendered, (that is directed to be entered,) in which he contests the complainant-’s right to recover in the case at all, and also claims preference for the deed of trust under which he claimed over the lien set up by the complainant. The court, however, refused to permit him to file his answer, and the decree recited that the cause was heard as on the bills taken for confessed as to him as well as the other defendants. And after the final decree was pronounced, the defendants, Bean and Seymour, obtained an appeal to this court.
The act of the 7th of March 1820, altering proceed *391 ings in the courts of chancery, (Supp. Rev. Code 1819, p. 130,) authorizes a complainant to bring his cause to a hearing, after subpoena served on the defendant, no answer, plea or demurrer filed within four months (afterwards reduced to two months,) thereafter, without a decree nisi served on the defendant; but provides, “that the defendant may, at any time before final decree, be allowed to file his answer, or plead or demur, but the cause shall not to be sent to rules, or continued therefor, unless upon good cause shown.” And the question arises as to the construction of the terms, “maybe allowed to file an answer,” &c. in this proviso ; whether they are to be regarded as imperative, and as conferring an absolute right, which the court cannot withhold; or whether the court may exercise a discretion upon the subject, giving leave to file an answer after the four months, or refusing it according to the circumstances of the case.
The general rule in the construction of statutes is, that the term “ may,” when used in a statute, means “ must” or “ shall,” in cases where the public interest and rights are concerned, and where the public or third persons have a claim dc jure that the powers shall be exercised. 7 Bacon’s Ab. (Gwil. Ed.) 451, title “ Statute” I; Drage v. Brand, 2 Wils. R. 377; Roles v. Rosewell, 5 T. R. 535 ; Newberg Turnpike Company v. Miller, 5 John. Ch. R. 113; Bolling v. Mayor of Petersburg, 3 Rand. 563, 580. And considering the subject to which the power conferred by the proviso in question of allowing an answer to be filed, notwithstanding the expiration of the four months (or two months) of subpoena served, and that it involves what may be considered the natural right of every defendant in a cause to make his defence, the court has no hesitation in saying, that the term “ may” in this proviso is imperative, and to be construed as meaning “must” or “shall,” and that the court has *392 no discretion to refuse to permit an answer to be filed when tendered witbin the time limited by the act, if proper to be received. And the remaining question is, when does this time expire ? When shall it be said there is “ a final decree” within the meaning of the proviso, after which the defendant cannot claim to file his answer? In this case, it seems that the court had received the case when submitted for decision, had examined the papers, and settled the terms of the decree, and a decree had been prepared and considered by the court, and directed to be entered in the order book; but before it had been entered, and on the same day it was directed to be entered, the answer was tendered. And without intending to decide whether if the decree had been entered in the order book and signed by the judge, but during the same term the defendant had asked leave to file an answer, or whether if he had tendered his answer at the next term of the court, before the final decree confirming the report of sale was pronounced, he ought or ought not to have been permitted to file it, yet the court is of opinion, that in the exact circumstances of this case, and the decree not having been entered in the order book, the defendant was entitled to file his answer, the complainant not objecting to it for insufficiency, or indeed for any cause, but the court refusing leave to file it, because it regarded it as tendered too late.
It may be urged that this construction of the act referred to will be productive of much inconvenience, by permitting parties unduly to delay making their defence until after a cause has been heard by the court, and the decree settled and prepared, and nothing remaining, except to enter it in the order book. But it is not often perhaps that a party will be willing to run the risk of such delay in preparing his defence; and whatever may be the inconvenience, the *393 court can only construe the statute as it is, leaving the remedy, if any be required, to the legislature.
Without therefore deciding any other question in the cause, the court is of opinion that the Circuit court erred in refusing leave to the appellant Seymour to file his answer when tendered, and that for that cause the decree must be reversed with costs to the appellants, and the cause remanded to the said Circuit court, with directions to permit the said Seymour to file his answer, and for further proceedings therein to be had.
Decree reversed.